UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.                                           Case No: 8:18-cv-1253-T-36SPF

SYNERGY PHARMACY SERVICES,
INC., PETER BOLOS, ANDREW
WILLIAM ASSAD, MICHAEL PALSO
and SYNERGY PHARMACEUTICALS,
LLC,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Summary Judgment (Doc. 41), filed on August 20, 2019. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Plaintiff's Motion for Summary Judgment.

## **DISCUSSION**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion or other application for an order must include a "memorandum of legal authority in support of the request." M.D. Fla. L.R. 3.01(a).

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996). As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id*.

Here, Plaintiff filed the Motion for Summary Judgment more than three months before the close of discovery and more than four months before the dispositive motion deadline. Clearly, Defendants have not had sufficient opportunity to develop the record. Therefore, the motion will be denied as premature. The parties may move for summary judgment at a later stage in these proceedings, as set forth in the Case Management and Scheduling Order.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 41) is **DENIED** without prejudice.

**DONE AND ORDERED** in Tampa, Florida on August 30, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties