```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.                         Case No. 8:18-cv-1253-VMC-SPF

SYNERGY PHARMACY SERVICES, INC.,
PETER BOLOS, ANDREW WILLIAM ASSAD,
MICHAEL PALSO, and SYNERGY
PHARMACEUTICALS, LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff JPMorgan Chase Bank, N.A.'s Renewed Motion for Summary Judgment (Doc. # 113), filed on March 12, 2021. Defendants Michael Palso, Synergy Pharmacy Services, Inc. ("Synergy Pharmacy"), and Synergy Pharmaceuticals, LLC ("Synergy Pharmaceuticals"), failed to respond. Defendant Andrew William Assad responded on April 9, 2021. (Doc. # 119). Defendant Peter Bolos responded on April 30, 2021. (Doc. # 125). Chase has replied. (Doc. ## 122, 130). For the reasons that follow, the Motion is granted.

**I.   Background**

On November 13, 2014, Synergy Pharmacy executed and delivered to Chase a promissory note in the original principal

amount of $750,000.00. Synergy Pharmacy executed a credit agreement contemporaneously with the note. (Doc. # 113-1 at 3, Ex. A). Paragraph 8.16 of the credit agreement provides in relevant part that "each Obligor waives (a) any right to receive notice of the following matters before the Bank enforces any of its rights: (i) any demand, diligence, presentment, dishonor and protest or (ii) any action that the Bank takes regarding any Person, any Collateral, or any of the Liabilities, that it might be entitled to by law or under any other agreement." (Id.).

On November 13, 2014, contemporaneous with the note and credit agreement, Bolos, Assad, and Synergy Pharmaceuticals each executed and delivered to Chase a continuing guaranty (the "Bolos Guaranty", the "Assad Guaranty" and the "Synergy Pharmaceuticals Guaranty," respectively). (Id. at 3, Exs. C, D, E). Pursuant to the Bolos Guaranty, Assad Guaranty, and Synergy Pharmaceuticals Guaranty, Bolos, Assad and Synergy Pharmaceuticals, jointly and severally, guaranteed Synergy Pharmacy's obligations under the note and related (including future) loan documents. (Id.). The Bolos, Assad, and Synergy Pharmaceuticals Guaranties provided that no notice of default was required in the "Remedies/Acceleration" section of each guaranty:

> All obligations of the Guarantor to the Bank under this Guaranty, whether or not then due or absolute or contingent, shall, at the option of the Bank, **without notice or demand,** become due and payable immediately upon the occurrence of any default or event of default under the terms of any of the Liabilities or otherwise with respect to any agreement related to the Liabilities (or any other event that results in acceleration of the maturity of any Liabilities, including without limitation, demand for payment of any Liabilities constituting demand obligations or automatic acceleration in a legal proceeding) or the occurrence of any default under this Guaranty.

(Id. at Exs. C, D, E)(emphasis added).

On May 31, 2016, Chase agreed to renew the note, and "Synergy Pharmacy executed a Line of Credit Note in the amount of $2,000,000.00" ("renewal note"; the note and renewal note hereinafter collectively referred to as "the loan"). (Id. at 3, Ex. B). Along with the renewal note, Synergy Pharmacy executed an additional Credit Agreement, which also contained a waiver of notice in Paragraph 8.16. (Id.).

On May 31, 2016, contemporaneous with the renewal note and the additional Credit Agreement, Palso executed and delivered to Chase a Continuing Guaranty (the "Palso Guaranty"). (Id. at 3, Ex. F). Pursuant to the Palso Guaranty, Palso along with Bolos, Assad, and Synergy Pharmaceuticals, jointly and severally, guaranteed Synergy Pharmacy's obligations under the loan and related loan documents. (Id.).

3

The Palso Guaranty, like the Assad, Bolos, and Synergy Pharmaceuticals Guaranties, did not require a notice of default, as specified in the "Remedies/Acceleration" section. (Id.).

According to the affidavit of Barbra Lopez, Chase's Special Credits Analyst II, Synergy Pharmacy "failed to pay under the terms of the Contract and is in default." (Id. at 3, Ex. G).

On or about March 5, 2018, Chase sent demand letters to Synergy Pharmacy, Bolos, Assad, Palso and Synergy Pharmaceuticals, LLC. (Id. at 4, Ex. H). The demand letters stated that Synergy Pharmacy was in default because it did "not provid[e] required financials within a timely manner." (Id. at Ex. H). Although Chase maintains in its Motion that Defendants failed to "provide required financials in a timely manner" (Doc. # 113 at 4), Chase does not provide any record evidence identifying the financial records in question or establishing that such financial records were not turned over besides the demand letters.

According to Bolos' declaration, Bolos, Synergy Pharmacy Services, and Synergy Pharmaceuticals "periodically provided Chase with financial reporting during the term of the Synergy Loan." (Doc. # 125 at 14). Additionally, Bolos stated in his

4

declaration that "[a]s of March 5, 2018, the date of the letters declaring the Synergy Loan in default, the Synergy Loan was current with respect to payments." (Id.).

Nevertheless, Lopez averred in her affidavit that "no payments have been made on the Contract since September 28, 2018." (Doc. # 113-1 at 4). Indeed, the Account Transaction History reflects that, although the loan matured on June 1, 2018, no payments were successfully made between March 2, 2018, and when Chase charged off the loan on June 27, 2018. (Id. at Exs. B & G). And the subsequent records from the separate account system Chase maintains for servicing "certain severely delinquent loans" reflects that no payments at all have been made since September 28, 2018, and the balance is outstanding. (Id. at 4, Ex. I).

According to Lopez's affidavit, as of March 3, 2021, Synergy Pharmacy owes Chase the following amounts under the loan:

    Unpaid principal balance: $1,787,692.81
    Accrued interest 45,079.79
    Late fees and costs 775.00
    TOTAL $1,833,547.60

5

(Id. at 4, Exs. G, I). Regarding the interest calculation, Bolos declared that "[i]t is unclear to [him] how Chase calculated interest of $45,079.79." (Doc. # 125 at 14).

Chase owns and holds the loan. (Doc. # 113-1 at 3, Exs. A, B).

Chase initiated this action against Defendants on May 24, 2018. (Doc. # 1). It filed its amended complaint on August 27, 2018, asserting claims for breach of note against Synergy Pharmacy (Count I), breach of guaranty against Bolos (Count II), breach of guaranty against Assad (Count III), breach of guaranty against Palso (Count IV), breach of guaranty against Synergy Pharmaceuticals (Count V), and foreclosure of personal property against Synergy Pharmaceuticals (Count VI). (Doc. # 32). On October 10, 2019, the Court dismissed Count VI without prejudice at the parties' request, leaving only Counts I through V. (Doc. # 55). Synergy Pharmacy, Synergy Pharmaceuticals, Bolos, and Palso filed their answer and affirmative defenses on September 10, 2018. (Doc. # 33). Assad then filed his answer and affirmative defenses on November 5, 2019. (Doc. # 57).

Discovery has closed and Chase now seeks summary judgment on Counts I through V. (Doc. # 113). Only Assad and

Bolos have responded. (Doc. ## 119, 125). Chase has replied. (Doc. ## 122, 130). The Motion is now ripe for review.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S.

7

317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

Finally, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but,

8

rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). "Even in an unopposed motion [for summary judgment], . . . the movant is not absolve[d] . . . of the burden of showing that it is entitled to a judgment as a matter of law, and the Court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." State Farm Mut. Auto. Ins. Co. v. First Care Sol., Inc., 232 F. Supp. 3d 1257, 1262 (S.D. Fla. 2017)(citation and internal quotation marks omitted).

## III. Analysis

### A. Breach of Note

In Count I, Chase alleges Synergy Pharmacy breached the notes. Synergy Pharmacy failed to respond to the Motion and, thus, the Motion is unopposed as to Count I.

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Abbott Lab'ys, Inc. v. Gen. Elec. Cap., 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Chase has established that Synergy Pharmacy entered into valid contracts with Chase. (Doc. # 113-1 at Exs. A, B).

9

Regarding breach, Synergy Pharmacy is in default on payments on the loan. (Id. at 3, Exs. G, I). Indeed, no payments have been made since September 28, 2018. (Id. at 4, Exs. G, I). However, there is no evidence regarding what, if any, financial documents Defendants failed to turn over to Chase. Thus, the Court finds only that Chase has established — and no genuine dispute of material fact exists — that Synergy Pharmacy defaulted on its obligation to pay off the loan by failing to make any payments after September 2018. Nevertheless, this default alone is sufficient to establish breach and is one of the theories of breach alleged in the amended complaint. See (Doc. # 32 at 4)("Synergy Pharmacy further defaulted under the terms of the Loan by failing to pay all amounts due under the Loan on the maturity date, June 8, 2018, which is provided in the Renewal Note."); see also Whitney Nat'l Bank v. R & S Dev. of SW Fl, LLC, No. 8:09-cv-2315-JSM-TGW, 2010 WL 2367137, at *2 (M.D. Fla. June 14, 2010)("Non-payment of the amount due under the contracts is a material breach of the contracts.").

Regarding the third element, Chase has established damages, as Synergy Pharmacy currently owes Chase $1,833,547.60. (Doc. # 113-1 at 4, Exs. G, I)

Furthermore, the fact that Chase did not provide a notice of default as to the failure to pay the loan is irrelevant because no such notice and opportunity to cure was required. Paragraph 8.16 of the credit agreement provides in relevant part that "each Obligor waives (a) any right to receive notice of the following matters before the Bank enforces any of its rights: (i) any demand, diligence, presentment, dishonor and protest or (ii) any action that the Bank takes regarding any Person, any Collateral, or any of the Liabilities, that it might be entitled to by law or under any other agreement." (Doc. # 113-1 at 3, Exs. A, B).

Therefore, the Motion is granted for Count I.

### B. Breach of Guaranties

Chase also moves for summary judgment on the breach of guaranty claims, Counts II-V. The Motion is unopposed as to Counts IV and V, as neither Palso nor Synergy Pharmaceuticals timely responded to the Motion.

"A guaranty is a collateral promise to answer for the debt or obligation of another." Kahama VI, LLC v. HJH LLC, No. 8:11-cv-2029-JSM-TBM, 2013 WL 1760254, at *3 (M.D. Fla. Apr. 24, 2013)(citation omitted). "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay." Id.

11

(citation omitted). "The rules governing contracts apply generally to guaranty contracts." Id. "Thus, the three elements of breach of contract in Florida, (1) valid contract, (2) a material breach, and (3) damages, are the relevant elements of a guaranty." Id.

Chase has established that it had valid and enforceable guaranties with Bolos, Assad, Palso, and Synergy Pharmaceuticals. The fact that Assad did not reaffirm his guaranty after 2014 (Doc. # 113-1 at 3) is of no moment because no reaffirmance was required.[1] See (Id. at Ex. E)(agreeing to guaranty full and prompt payment of the defined liabilities, including "all debts, obligations, indebtedness and liabilities of every kind and character of [Synergy], whether individual, joint and several, contingent or

---

[1] Additionally, Assad fails to cite any authority to support that a continuing guaranty is not enforceable if not reaffirmed. His underdevelopment of this argument is further reason to reject it. See, e.g., Herbert v. Architect of Capitol, 839 F. Supp. 2d 284, 298 (D.D.C. 2012)("[T]he [defendant] has simply failed to support its argument with any meaningful measure of factual or legal argument. Courts need not consider cursory arguments of this kind, and the Court declines to do so here."); Metro. Prop. & Cas. Ins. Co. v. Sarris, No. 115CV0780LEKDJS, 2017 WL 3252812, at *15 (N.D.N.Y. July 28, 2017)("To the extent that Met P&C seeks dismissal of George Sarris's counterclaim for breach of the duty of good faith and fair dealing [], the Court need not address that argument because it is completely undeveloped.").

otherwise, **now or hereafter existing**" (emphasis added)). Additionally, Chase was under no obligation to give notice of default regarding the failure to pay or an opportunity to cure to the guarantors. See (Id. at Exs. C, D, E, F)("All obligations of the Guarantor to the Bank under this Guaranty, whether or not then due or absolute or contingent, shall, at the option of the Bank, **without notice or demand**, become due and payable immediately upon the occurrence of any default or event of default . . . ." (emphasis added)).

Next, Assad and Bolos maintain that there are genuine disputes of material fact regarding their affirmative defense that Chase breached the implied covenant of good faith and fair dealing. Assad argues that "Chase violated its duty to act in good faith by declaring a default, accelerating all amounts due, and suing Mr. Assad and Synergy without ever specifying what financials were not provided, how Synergy failed to provide a compliant borrowing base certificate, and failing to give Synergy and Mr. Assad an opportunity to cure any alleged default." (Doc. # 119 at 9). Likewise, Bolos argues Chase breached the duty of good faith and fair dealing "by prematurely calling the loan in default for vague and alleged 'borrowing base violations' and missing financial reports when that loan was current and otherwise in good

13

standing" and without "provid[ing] the opportunity for Defendants, including Dr. Bolos, to correct any alleged oversight." (Doc. # 125 at 9-10).

"Under Florida law, the implied covenant of good faith and fair dealing is a part of every contract." Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). "The duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." White Constr. Co. v. Martin Marietta Materials, Inc., 633 F. Supp. 2d 1302, 1328 (M.D. Fla. 2009)(citation and internal quotation marks omitted). "The Eleventh Circuit has held that 'no independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing. Where a party to a contract has in good faith performed the express terms of the contract, an action for breach of the implied covenant of good faith will not lie.'" Id. at 1329 (quoting Weaver, 169 F.3d at 1317–18). "Thus it is clear that in order to maintain a claim for breach of the implied duty of good faith and fair dealing, there must be an express term of the

14

contract that has been breached, and the implied duty cannot vary the terms of the written contract." Id.

Assuming without deciding that a breach of the covenant of good faith and fair dealing can be asserted as an affirmative defense to a breach of guaranty claim, this defense still fails. To the extent this defense is based on Chase not providing sufficient notice of the reasons for default and an opportunity to cure before declaring default and accelerating the loan, this defense lacks merit. The note and the guaranties explicitly did not require such notice and opportunity to cure. (Doc. # 113-1 at Exs. C, D, E, F). And the implied covenant of good faith and fair dealing cannot be used to vary that contractual language. White Constr. Co., 633 F. Supp. 2d at 1329. Despite Assad's opinion to the contrary, finding that Assad was excused from performing under the guaranty because Chase did not send a detailed notice of default would alter the terms of the guaranty. Whether notice was required was explicitly stated in the guaranty such that notice was not an issue merely left to Chase's discretion. See Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097-98 (Fla. 1st DCA 1999)("[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith

nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party. Of course, the implied obligation of good faith cannot be used to vary the express terms of a contract. In the instant case, however, the written contracts between CSXI and appellants are silent with regard to the methodology or standards to be used by CSXI in exercising its discretion to assign loads for transport." (citations omitted)).

To the extent that Defendants can be construed as arguing Chase acted in bad faith by declaring the loan in default in March 2018 based solely on missing financial documents, that argument also fails. First, the note required Synergy Pharmacy to "[f]urnish to [Chase] whatever information, statements, books and records [Chase] may from time to time reasonably request" and provided that the failure "to observe or perform" any of the terms or covenants of the note constituted an event of default. (Doc. # 113-1 at Ex. B. at Sections 4.5 and 7.1). Thus, a failure to turn over required financial documents would be an event of default permitting Chase to accelerate the loan "without notice" at its "option." (Id. at Ex. B. at 7.1). And Bolos' declaration that he "periodically provided Chase with financial reporting" does not support that all required financial documents were

16

actually turned over, such that no default occurred. (Doc. # 125 at 14). Thus, while there is not enough evidence to grant summary judgment for Chase based on a failure to turn over documents, no reasonable jury could conclude from the evidence before the Court that all financial reporting was up to date such that Chase "prematurely" and in bad faith declared a default.

Second, this argument is no defense to the breach that the Court has actually found Defendants to have committed. As mentioned in the previous section, the Court finds only that Defendants breached their contracts and guaranties by failing to pay off the loan when it matured in June 2018 or ever since. Even if Chase's declaring a default in March 2018 was premature, the loan still would have matured by June 2018 such that Chase in good faith may seek judgment based on Defendants' failure to pay after the loan matured.

Indeed, for the reasons explained regarding the breach of contract claim, Chase has established that the loan was in default and, thus, the guarantors were obligated to pay. But, as shown, the guarantors have not paid, and the loan balance remains. (Doc. # 113-1 at 4, Exs. G, I).

The lack of filing the original note with the Court does not preclude summary judgment in Chase's favor. The only cases

17

cited by Assad and Bolos are inapplicable to this case, as they dealt with mortgage foreclosure proceedings. See Perry v. Fairbanks Cap. Corp., 888 So. 2d 725, 727 (Fla. 5th DCA 2004)("Because it is negotiable, the promissory note must be surrendered in a foreclosure proceeding so that it does not remain in the stream of commerce."); Nat'l Loan Invs., L.P. v. Joymar Assocs., 767 So. 2d 549, 551 (Fla. 3d DCA 2000)("In a mortgage foreclosure action, a lender is required to either present the original promissory note or give a satisfactory explanation for the lender's failure to present it prior to it being enforced."). Here, the foreclosure count in the amended complaint (Count VI) was dismissed without prejudice and, thus, Chase is only moving for summary judgment on the breach of contract and guaranty claims. Defendants have produced no authority for the proposition that an original note must be submitted with the Court before entry of judgment on a breach of guaranty claim, nor is the Court aware of any such authority. Furthermore, Chase notes that it "has possession of the original Renewal Note and can file it upon entry of final judgment, if this Court requires." (Doc. # 130 at 3).

Finally, no genuine issue of material fact exists as to the amount owed. While Bolos declared that "[i]t is unclear

18

to [him] how Chase calculated interest of $45,079.79" (Doc. # 125 at 14), he has not provided any evidence that actually contradicts the interest calculation provided in the Lopez affidavit.

### IV. Conclusion

In short, summary judgment is granted for Chase on Counts I through V of the amended complaint. Judgment shall be entered in favor of Chase and against Defendants in the amount of $1,833,547.60 — the amount of damages established by Chase.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff JPMorgan Chase Bank, N.A.'s Renewed Motion for Summary Judgment (Doc. # 113) is **GRANTED** as to all Defendants.

(2) The Clerk is directed to enter judgment in favor of Plaintiff JPMorgan Chase Bank, N.A. and against Defendants Michael Palso, Synergy Pharmacy Services, Inc., Synergy Pharmaceuticals, LLC, Andrew William Assad, and Peter Bolos in the amount of $1,833,547.60, plus interest at the rate prescribed by 28 U.S.C. § 1961 from the date of judgment, for which sum let execution issue.

(3) Thereafter, the Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of June, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE